UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DYLAN LEE SOCKNESS,

          Plaintiff,

v.

C.O. ZOEY CAREY, C.O. HENRY BEEKMAN, LT. BRADLEY MCCOY, and SGT. MARCUS PESCHKE,

          Defendants.

Case No. 25-CV-1496-JPS

**ORDER**

Plaintiff Dylan Lee Sockness, an inmate confined at Dodge Correctional Institution ("DCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. ECF No. 1. On December 4, 2025, the Court screened the amended complaint and allowed Plaintiff to proceed on certain claims. ECF No. 21. Pending before the Court are Plaintiff's motion for order for psychological evaluation, motion for order, and motion for leave to file a fifth amended complaint. ECF Nos. 26, 27, 28.

First, the Court will deny Plaintiff's motion for leave to file a fifth amended complaint without prejudice. Federal Rule of Civil Procedure 15 allows amendment once as a matter of course in certain circumstances; Plaintiff has already amended his complaint, *see* ECF No. 20. Rule 15 also provides that a Court should freely grant leave to amend when justice so requires. Civil Local Rule 15 requires that a motion to amend a complaint notify the court of the proposed changes and the proposed amended complaint be filed as an attachment to the motion. Plaintiff failed to comply

with this requirement, and therefore the Court will deny Plaintiff's motion without prejudice. Should he wish to refile a motion to amend, Plaintiff should identify every difference between the complaint the Court screened and his proposed amended complaint. He also must attach his proposed amended complaint to his motion. The amended complaint must be complete in and of itself, without reference to or reliance on prior complaints.

Second, the Court will deny Plaintiff's motion for a psychological evaluation, ECF No. 26, which the Court liberally construes as a motion to appoint an expert. Plaintiff asks the Court to order an expert to give Plaintiff a mental health evaluation so that the Court and jury can get a bigger picture of his condition. The Federal Rules of Civil Procedure allow courts to appoint an expert to help sort through conflicting evidence. *See* Fed. R. Evid. 706(a); *Ledford v. Sullivan*, 105 F.3d 354, 358 (7th Cir. 1997). However, courts need not appoint an expert for a party's own benefit or to explain symptoms that can be understood by a layperson. *See ATA Airlines, Inc. v. Federal Express Corp.*, 665 F.3d 882, 889 (7th Cir. 2011); *Gil v. Reed*, 381 F.3d 649, 659 (7th Cir. 2004). It is clear from Plaintiff's motion that he seeks an expert only to advance his own case, not to assist the Court in understanding conflicting evidence. Because that is not a permissible purpose for a neutral expert under Rule 706, the Court will therefore deny the motion. *See Martin v. Redden*, 34 F.4th 564, 569 (7th Cir. 2022).

Finally, the Court will deny Plaintiff's motion for an order. ECF No. 27. Plaintiff requests the Court to order jail staff to provide certain policies related to his claims. *Id.* The Court is not involved with the initial discovery process and Defendants have yet to appear in this case. As such, Plaintiff's

Page 2 of 3
Case 2:25-cv-01496-JPS     Filed 12/23/25     Page 2 of 3     Document 29

request is premature and the Court will therefore deny it. Plaintiff must seek information from Defendants in the normal course of discovery.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to file a fifth amended complaint, ECF No. 28, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for psychological evaluation, ECF No. 26, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for order, ECF No. 27, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 23rd day of December, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge